Case 2:18-cv-00056   Document 24   Filed on 06/14/19 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
June 17, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPHINE GALLARDO HERNANDEZ, *et al*, | § § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-56 |
| | § | |
| KIDNEY SPECIALISTS OF SOUTH TEXAS, P.A., *et al*, | § § § | |
| Defendants. | § § | |

## MEMORANDUM AND RECOMMENDATION

This is a negligence and products liability case brought by Plaintiffs appearing *pro se*. The case was removed from the 28th Judicial District Court of Nueces County, Texas and is before this Court on diversity jurisdiction. (D.E. 1). The case was conditionally transferred to the District of Massachusetts for inclusion in MDL No. 2428. (D.E. 17). United States District Judge Douglas P. Woodlock severed the products liability claims and remanded the negligence claims back to this Court. (D.E. 19). This action was referred to the undersigned United States Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636. (D.E. 3).

Pending is Defendant Kidney Specialists of South Texas, P.C., Geeta Reddy, M.D., Post Acute Medical Specialty Hospital of Corpus Christi, LLC, and Unknown (PAMSH) Employee Defendant R.N. # 1 (collectively "Defendants") Joint Motion to

Remand filed on May 1, 2019. (D.E. 23).[1] Defendants assert the remaining medical negligence claims involve adverse parties who are citizens of the State of Texas, eliminating the complete diversity requirement. (D.E. 23); 28 U.S.C. § 1332(a). Plaintiffs' response was due on or before June 6, 2019. (D.E. 21). No response has been filed. Therefore, pursuant to Local Rule 7.4, the failure to file a response may be taken as a representation of no opposition. However, the undersigned has reviewed the merits of the motion. For the following reasons, the undersigned recommends the Motion be **GRANTED**. (D.E. 23).

Removal statutes are to be construed strictly against removal and for remand. *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) *(*citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)); 28 U.S.C. § 1441(a). The purported basis for removal in this case, diversity jurisdiction, requires complete diversity between all plaintiffs and all defendants and an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332. "In determining whether a civil action is removable on the basis of [diversity] jurisdiction…the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). The citizenship of an LLC is determined by the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1180 (5th Cir. 2008).

---

[1] This case was removed by Defendants Dialysis Management Corp., Inc., Fresenius Vascular Care Corpus Christi MSO, LLC, Fresenius USA Manufacturing, Inc., Fresenius USA Marketing, Inc., and Fresenius USA, Inc. (D.E. 1). Plaintiff's product liability claims against these Defendants have been severed as part of the existing MDL.

As the product liability claims have now been severed, the undersigned has reviewed the citizenship of the Plaintiffs and the remaining identified Defendants subject to Plaintiffs' medical negligence claims. Plaintiffs are all citizens of the State of Texas. (D.E. 1-2, Pages 8-9). Defendants Kidney Specialists of South Texas, P.C. and Dr. Reddy are also citizens of Texas. (D.E. 1-2, Page 9 and D.E. 23, Page 8). Because complete diversity is not present, this Court now lacks subject matter jurisdiction over this case. As such, the undersigned **RECOMMENDS** Defendants' Motion to Remand be **GRANTED**. (D.E. 23).

ORDERED this 14th day of June, 2019.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).